IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TAYLOR PEREZ-GORDA and SAVANNAH PEREZ-GORDA, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) Cause No. 6:25-cv-03124 |
| SERVE:<br>Mr. Jeffrey P. Ray<br>U.S. Attorney's Office<br>Room 5510<br>400 East 9th Street<br>Kansas City, MO 64106 | )<br>) JURY TRIAL DEMANDED AS TO<br>) COUNT II`<br>)<br>)<br>)<br>) |
| The Honorable Pam Bondi<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington DC 20530 | )<br>)<br>)<br>)<br>) |
| JON LORENZINO, and<br>TYLER ZONGKER, | )<br>)<br>) |
| Defendants. | ) |

**COMPLAINT**

Justin Perez-Gorda was a veteran of the war in Afghanistan. A large, improvised explosive device detonated underneath his tactical vehicle, resulting in injuries so catastrophic that he underwent life-saving surgery in theater. A decade later, in 2021, he faced federal prosecution for fraud in Texas. His obvious psychiatric needs led the court to send him to the United States Medical Center for Federal Prisoners in Springfield, Missouri ("USMCFP") for evaluation and treatment.

In a little over two months at the facility, he was allowed to mentally and physically decompensate. Weighing only 112 pounds, he died of a treatable urinary tract infection at the age of 33. This is a negligence action against Defendant United States of America under the Federal Tort Claims Act ("FTCA") and a *Bivens* action against the responsible medical providers.

## PARTIES

1. Plaintiffs are the lawfully adopted daughters of Mr. Perez-Gorda. Plaintiffs are named pursuant to Mo. Rev. Stat. § 537.080, as they are both surviving children of Mr. Perez-Gorda.

2. Defendant United States of America is responsible under the FTCA for the negligence of its employees, including employees of the USMCFP, which is within the Department of Justice ("DOJ"). This matter concerns federal government employees acting within the scope of their office or employment.

3. Defendant Jon Lorenzino is a Medical Officer at the USMCFP and was Plaintiff's assigned treating physician.

4. Defendant Tyler Zongker is a Physician Assistant at the USMCFP and was responsible for the treatment of Plaintiff.

## JURISDICTION, VENUE, FTCA EXHAUSTION, AND JURY DEMAND

5. Jurisdiction of the Court is properly invoked pursuant to 28 U.S.C. § 1346(b) for the FTCA claim and pursuant to 28 U.S.C. § 1331 for the *Bivens* claim.

6. Venue is proper pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C § 1402(b) because this is a civil action against the United States of America and the tortious acts or omissions occurred within this Judicial District.

7. Plaintiffs made proper and timely administrative complaints under the FTCA. Those complaints were received, at the latest, on January 25, 2024. More than six months have passed without final disposition, and Plaintiffs are statutorily authorized to proceed. 28 U.S.C. § 2675(a).

8. Plaintiffs request a jury trial as to any claims other than the FTCA claim set forth in Count I.

ALLEGATIONS COMMON TO ALL COUNTS

9. Mr. Perez-Gorda suffered permanent physical and psychiatric injuries as a direct result of an IED blast that occurred while he was deployed in Afghanistan. In sworn testimony, his surgeon described Perez-Gorda's injuries as follows:

> *It's like a huge bomb. And that bomb caused several injuries. Starting at below his seat, the blast would go, you know, basically from bottom to top. He was in a Humvee, or a military vehicle. And the blast broke the largest bone in his body, his right femur.*
>
> *He also had a bad sacral fracture, which destroyed all of the nerves associated with his sacrum. He had a blast injury to his lumbar spine, called the lumbar 1 burst fracture. And so as the energy continues to travel up and his pelvis is basically pushed towards his neck, the bone acts like a nutcracker. It's between those two areas. And so it just exploded, pushed back, destroyed the nerves, or crushed the nerves in that area.*
>
> *Now, that's an area that's at the tip of the spinal cord. Anatomically, the spinal cord ends basically at the bottom of the ribcage. And this was an injury that was right at the bottom of his ribcage. And so the very tip of the spinal cord is called the conus medullaris. So the bone shot back into this area. And it was reported that 80 percent or eight-tenths of*

> *the canal was occupied by fragments of bone that were pushing on the tip of his spinal cord and the nerves in that area.*
>
> *And the energy continued. He ended up having retroperitoneal hematoma, which is bleeding in front of his pelvis, in front of his sacrum, which is -- you know, obviously, he had a sacral fracture. There's a bunch of veins and vessels in front. So he had a large hematoma in that area. Obviously, lots of chin and scalp lacerations.*
>
> *The energy also caused a scrotal laceration, which exposed his testicle. And then he had an intracranial hemorrhage, which did not require surgery, but it was just indicative of the large blast. He actually was bleeding into his brain.*

10. In 2017, Mr. Perez-Gorda was charged with fraud and other non-violent offenses in federal court.

11. In 2021, Mr. Perez-Gorda was found incompetent and ordered to undergo continuing evaluation and competency restoration at the United States Medical Center for Federal Prisoners in Springfield, Missouri.

12. A medical team assessed Mr. Perez-Gorda upon his arrival and described Mr. Perez-Gorda as "alert and oriented" and "cooperative." He indicated he was an army veteran who had suffered a traumatic brain injury. The initial assessment wrongly noted that Mr. Perez-Gorda had no scars on his body, even though he had significant and obvious scarring from his war injuries.

13. Early on, Mr. Perez-Gorda indicated to the medical team that he was unable to consistently urinate naturally and was in need of urinary catheters to empty his bladder.

14. Neither Mr. Perez-Gorda's recounting of a combat head injury nor his request for urinary catheters resulted in any attempt to review records or speak to former providers. Oddly,

medical records indicate a general distrust of Mr. Perez-Gorda as the narrator of his own life experiences, but document no attempts to determine his actual history.

15. Mr. Perez-Gorda underwent lab testing on his second day at the facility. The lab testing showed that he had a complex bladder infection.

16. Mr. Perez-Gorda was prescribed only a three-day course of Bactrim. This was inappropriately short, contrary to normal practice, and in violation of the express policy of the Bureau of Prisons ("BOP"). BOP policy dictates that the "first line empiric regimen" for men with a urinary tract infection is seven days of Bactrim.

17. After the three-day course of Bactrim, Mr. Perez-Gorda was in extraordinary pain. He attempted to self-catheterize with a rolled-up paper spoon. A bladder scan revealed that he was retaining nearly 900 milliliters of urine – an extremely abnormal amount. Catheterization initially failed and proved very difficult. A prudent medical provider would have noted the prior prescription error and extended the course of antibiotic treatment at this time. A prudent provider would have also sent a repeat urinalysis and urine culture.

18. Over the following weeks, Mr. Perez-Gorda was allowed to decompensate without intervention. No attempts were made to contact prior providers or to figure out what was happening. Records show his thought process went from "goal directed" to "disorganized" and "derailment." His thought content went from "normal" to "compulsive" and "delusional." His grooming went from "appropriate" to "unkempt" and "disheveled." His affect went from "appropriate" to "evasive," "flat," and "labile."

19. As Mr. Perez-Gorda worsened, he became increasingly disheveled and gaunt. He ceased showering. He lost 21 percent of his body weight, ultimately weighing less than 115 pounds.

20. The night before his death, Mr. Perez-Gorda was observed lying in his boxers with dried fecal matter nearby. No one bothered to check on him, but if they had, they would also have found blood from his desperate attempts to self-catheterize. No attempt was made to enter the room.

21. Mr. Perez-Gorda died from urosepsis on January 29, 2022.

COUNT I: WRONGFUL DEATH (As to Defendant United States of America)

22. Plaintiffs incorporate each prior paragraph as if fully set forth herein.

23. Defendant United States, by and through the USMCFP and its employees, including Jon Lorenzino and Tyler Zongker, committed the following negligent acts or omissions as to Justin Perez-Gorda:

   a. Failed to properly treat an obvious complex urinary tract infection with the appropriate course of antibiotics, violating the duty of care and express Bureau of Prisons guidance.

   b. Three days later, upon discovery that the infection was still present, failed to administer any additional treatment.

   c. Three days later, upon discovery that the infection was still present, failed to order a urinalysis and urine culture.

   d. Failed to intervene or investigate as Mr. Perez-Gorda physically declined and psychologically decompensated.

   e. Failed to investigate the medical history of Mr. Perez-Gorda in even the most cursory fashion.

24. Under the FTCA, the United States of America is liable to the Plaintiffs in the same manner and to the same extent as a private individual under similar circumstances. 28 U.S.C. § 1346(b).

25. Plaintiffs are eligible to recover under Missouri's wrongful death statute, as the death of Mr. Perez-Gorda resulted from conduct where, if death had not ensued, Mr. Perez-Gorda would have been entitled to recover damages. *See* Mo. Rev. Stat. § 537.080.

26. The acts and omissions described occurred within the scope of federal employment.

27. The acts and omissions described directly caused or directly contributed to the death of Mr. Perez-Gorda.

## COUNT II: *BIVENS* (As to Defendants Lorenzino and Zongker)

28. Plaintiffs incorporate each prior paragraph as if fully set forth herein.

29. Defendants Lorenzino and Zongker were federal employees and acted at all relevant times in the performance of official duties

30. The acts and omissions described constituted deliberate indifference to Mr. Perez-Gorda's serious (and known) medical needs.

31. In particular, Defendants disregarded a serious known risk to Mr. Perez-Gorda's health when they failed to treat the urinary tract infection after it was still present following a three-day course of antibiotics.

32. The acts and omissions described above deprived Mr. Perez-Gorda of his Eighth Amendment rights and caused his death. This constitutional claim sounds under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

33. As the actions described were undertaken with deliberate indifference and malice, punitive damages are appropriate

## DEMAND AND PRAYER

34. Plaintiffs demand judgment against Defendant United States of America for the monetary and compensatory damages for the negligence alleged herein, pursuant to the FTCA, in accordance with their previous administrative claim, and for consideration of additional information and evidence not reasonably discoverable at the time of presenting the claim to BOP; for costs and expenses, reasonable and appropriate attorneys' fees, pursuant to and permitted by the FTCA, codified at 28 U.S.C. §§ 2678, 1346(b), or other applicable code or statutory attorney's fees provision; interest, and for all other proper relief.

35. Plaintiffs demand judgment against Defendants Lorenzino and Zongker for the monetary, compensatory, and punitive damages allowable under *Bivens;* for costs and expenses, interest, and for all other proper relief.

Respectfully submitted,

KHAZAELI WYRSCH LLC

/s/ Javad Khazaeli
Javad Khazaeli, 53735MO
James R. Wyrsch, 53197MO
John M. Waldron, 70401MO
Brendan Roediger, 60585MO
911 Washington Avenue, Suite 211
Saint Louis, MO 63101
(314) 288-0777
(314) 400-7701 (fax)
javad.khazaeli@kwlawstl.com
james.wyrsch@kwlawstl.com
jack.waldron@kwlawstl.com
brendan.roediger@kwlawstl.com

*Attorneys for Plaintiffs*